UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD N. LOWMAN, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:24-cv-02752 |
| VS. | § § § § | |
| ENTERPRISE FINANCIAL GROUP, INC. | § § § § | |
| *Defendant*. | § | |

**DEFENDANT ENTERPRISE FINANCIAL GROUP, LLC'S NOTICE OF REMOVAL**

Please take notice that, pursuant to 28 U.S.C. §§ 1332 and 1446, the above-styled action is hereby removed by Defendant ENTERPRISE FINANICAL GROUP, INC. ("Defendant"), from the 193rd District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship and the matter in controversy exceeds the value of $75,000. In support of this Notice of Removal, Defendants respectfully show the Court the following:

**I.    PROCEDURAL BACKGROUND**

1. On September 13, 2024, Plaintiff Richard Lowman, individually and on behalf of others similarly situated (collectively "Plaintiff"), filed his Original Petition in a case styled *Richard Lowman, individually and on behalf of other similarly situated v. Enterprise Financial Group, Inc.*, Cause No. DC-24-17176, pending in the 193rd Judicial District Court of Dallas County, Texas, alleging causes of action against Defendant arising from a data security incident

which occurred on or around February 28, 2024.  *See generally* Exhibit B-1, Plaintiff's Original Petition.

2. Plaintiff served Defendant with process on October 1, 2024.  *See* Exhibit B-3.

3. Defendant hereby files this notice of removal within 30 days of being served with Plaintiff's Original Petition.  *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the Summons and Complaint).  This Notice of Removal is being filed within one year of the commencement of this action.  *Id.*

4. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5. Attached hereto are copies of the following documents:

| Exhibit A | Index of All Attached Documents |
| Exhibit B | Index of State Court Pleadings |
| Exhibit B-1 | Plaintiff's Original Petition in Class Action |
| Exhibit B-2 | Citation for Defendant |
| Exhibit B-3 | Affidavit of Service of Defendant |
| Exhibit C | List of Counsel of Record |

## II.    BASES FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1332(d)(3), 1441(a), and 1446.

### A.    Jurisdiction Based on Diversity

8. Plaintiff Richard Lowman is a citizen of Owasso, Oklahoma.  *See* Exhibit B-1 at ¶ 2.  Thus, Plaintiff is a citizen of Oklahoma for purposes of federal diversity jurisdiction.

9. Defendant is a Texas corporation, having its principal place of business in Irving, Texas.  *See* Exhibit B-1 at ¶ 3.  Therefore, Defendant is a citizen of Texas for purposes of federal diversity jurisdiction.

10. Likewise, Plaintiff seeks in excess of $1,000,000 in damages, which puts this matter above the statutory minimum of $75,000. 28 U.S.C. § 1332(a); *see* Exhibit B-1 at ¶ 7.

11. Thus, this lawsuit also is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant. Therefore, removal is proper pursuant to 28 U.S.C. § 1332(a).

### B. Class Action Fairness Act Jurisdiction

10. Additionally, removal is proper pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. Sections 1332(d) and 1453, because it is a civil action consisting of over one hundred (100) putative class members, involving an amount in controversy exceeding $5,000,000, and there is minimal diversity where the named Plaintiff has different citizenship than the Defendants. *See* 28 U.S.C. § 1332(d) (providing that district courts have original jurisdiction over a class action where (1) the class consists of 100 members or more; (2) the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and interests; and (3) any member of the class is a citizen of a state different from any defendant); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citations omitted).

11. Without conceding any merit to the legitimacy of Plaintiff's claims, calculation of damages, or ability to certify the putative class, which Defendant expressly denies, the required elements of CAFA jurisdiction are satisfied and thus removal is proper.

12. Here, Plaintiff brings this action seeking to represent a putative class to be approximately 75,039 individuals. *See* Exhibit B-1 at ¶ 8. Thus, there are more than 100 putative class members in this case and the first requirement of CAFA jurisdiction is met. *See* 28 U.S.C. § 1332(d)(1)(D)(5)(B) (prohibiting jurisdiction under CAFA where "the number of members of all proposed plaintiff classes in the aggregate is less than 100").

13. Second, the elements of minimal diversity are met. As set forth above, this lawsuit also is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant. This more than satisfies the minimal diversity requirement under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A) (diversity is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1332(d)(1)(D) (for purposes of CAFA, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action").

14. Lastly, the amount in controversy plausibly exceeds CAFA's jurisdictional thresholds. *See* 28 U.S.C. § 1332(d)(2) (the aggregate amount in controversy must exceed the $5,000,000 jurisdictional limit).

15. Plaintiff seeks "in excess" of $1,000,000 in damages. *See* Exhibit B-1 at ¶ 7. However, while Defendant expressly denies any liability for the claims alleged in Plaintiff's Original petition and expressly denies that Plaintiff or any member of the putative class is entitled to any damages whatsoever, the facial allegations in Plaintiff's Original petition and the total amount potentially at issue in this action are in excess of this Court's jurisdictional minimum. *See* Exhibit B-1.

16. Pursuant to 28 U.S.C. Section 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 514 U.S. at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

17. While evidence is not required by Defendant to establish that the amount in controversy has been met (*see Dart Cherokee*, 514 U.S. at 89), Defendant notes that just some of the items of damages alleged by Plaintiffs satisfy this jurisdictional requirement.

18. As set forth above, Plaintiff brings this action seeking to represent a putative class to be approximately 75,039 individuals. *See* Exhibit B-1 at ¶ 8. Thus, in order to satisfy CAFA's amount in controversy requirement, Plaintiff's Original Petition need only allege $66.63 in controversy for each member of the putative class. Based on the allegations in the Original Petition, while denying Plaintiff's or any member of the putative class' entitlement to any damages whatsoever, such amount is clearly plausibly alleged.

19. One of the elements of relief that Plaintiff seeks is an order requiring Defendant to pay for not less than three years of credit monitoring services for Plaintiff and the members of the putative class. *See* Exhibit B-1 at "Prayer for Relief." The cost of credit monitoring services for the alleged 75,039 putative class members would be approximately $54,001,065.96, using a conservative estimate of $19.99 per month for a period of three years. *See Porras v. Sprouts Farmers Mkt.,* LLC, 2016 U.S. Dist. LEXIS 96805 at ***7-***9 (C.D. Ca. Jul. 25, 2016) (considering credit monitoring expense of $15.95/month for three years to determine amount in controversy); *see also McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (considering credit monitoring expense of $14.95/month for seven years to determine amount in controversy).

20. Plaintiff also alleges that he spent approximately 23 hours responding to the data security incident at issue in his Original Petition. *See* Exhibit B-1 at ¶ 99. Assuming that Plaintiff's alleged damages are typical of that of the putative class, which Defendant expressly denies, this item of damages could potentially be $575 per each member of the putative class at $25/hour, or $43,147,425. *See In re Equifax Customer Data Sec. Breach Litigation*, 2020 U.S. Dist. LEXIS 118209, at *150 (N.D. Ga. Mar. 17, 2020) (approving class action settlement including

"[c]ompensation of up to 20 hours at $25 per hour for time spent taking preventative measures or dealing with identity theft").

21. The above-referenced items of damages independently, without taking into account any of the other items of damages alleged in Plaintiff's Original Petition, more than exceed CAFA's amount in controversy requirement.

22. Further, while Defendant denies that Plaintiff or any member of the putative class any right to recovery of fees and/or punitive damages, based on the allegations alone, attorney's fees and punitive damages would be added to the aforementioned jurisdictional analysis. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) ("we are satisfied the petition, seeking damages for severe injuries suffered by at least 500 people *and attorneys' fees*, makes it 'facially apparent' that at least $5 million is in controversy, in the aggregate.") (emphasis added/citations omitted). Any potential award of attorney's fees, as well as any potential award of punitive damages, would bring the amount in controversy well above the $5,000,000 jurisdictional threshold. Thus, the amount in controversy requirement under CAFA is met.

23. In sum, it is clear that each of the jurisdictional requirements under CAFA is met, as there are more than 100 class members, there is minimal diversity, and the amount in controversy plausibly exceeds $5,000,000. Thus, removal is proper.

24. Further, while not explicitly required under this Court's jurisdictional analysis, Defendants note that there is "no antiremoval presumption attend[ant] to cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 514 U.S. at 89, citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) ("CAFA's primary objective" is to "ensur[e] 'Federal court consideration of interstate cases of national importance.'" (quoting § 2(b)(2), 119 Stat. 5)); S. Rep. No. 109-14, p. 43 (2005) (CAFA's

"provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

25. Here, not only is jurisdiction under CAFA proper for the reasons cited above, but removal of this case is consistent with CAFA's "primary objective" of hearing "interstate class actions" in federal court, particularly in light of the complete diversity of Plaintiff and Defendant. *See* Exhibit B-1 at ¶¶ 2-3. Thus, removal is proper and appropriate.

### III.    THIS REMOVAL IS PROCEDURALLY CORRECT

26. On September 13, 2024, Plaintiff filed a lawsuit in Dallas County, Texas. *See* Exhibit B-1.

27. On October 1, 2024, Plaintiff served process on Defendant. *See* Exhibit B-2.

28. "When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process . . ." *Monterey Mushrooms, Inc. v. Hall*, 14 F.Supp.2d 988, 991 (S.D. Texas 1998). Thus, Defendant files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

29. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

30. Under 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

31. Promptly after Defendant files this Notice of Removal, written notice of the filing will be given to Plaintiff under 28 U.S.C. § 1446(d).

32. Promptly after Defendant files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Dallas District Court under 28 U.S.C. § 1446(d).

33. Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant hereby removes this case to this Court for trial and determination.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI LLP**

  /s/   *David C. Babb*
**DAVID C. BABB**
State Bar No.: 24120261
Email: DBabb@grsm.com
2200 Ross Avenue, Suite 3700
Dallas, Texas 75201
214-231-4660 (Telephone)
214-461-4053 (Facsimile)

**JOSEPH SALVO**
*pro hac vice forthcoming*
Email: jsalvo@grsm.com
**JOHN T. MILLS**
*pro hac vice forthcoming*
Email: jtmills@grsm.com
**ALEXANDRA MORMILE**
*pro hac vice forthcoming*
Email: amormile@grsm.com
One Battery Park Plaza, 28th Floor
New York, New York 10004
212-269-5500 (Telephone)
212-269-5505 (Facsimile)
***ATTORNEYS FOR ENTERPRISE FINANCIAL GROUP, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that, on October 31, 2024, a true and correct copy of the foregoing document was served on all counsel of record via the court's electronic filing system.

  /s/   *David C. Babb*
**DAVID C. BABB**