IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICHARD LOWMAN, individually and on behalf of all others similarly situated,** § § § | |
| Plaintiff, § § | |
| v. § § § | Civil Action No. 3:24-CV-02752-L |
| **ENTERPRISE FINANCIAL GROUP, INC.,** § § § | |
| Defendant. § | |

# ORDER

On August 12, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge Renée Harris Toliver ("Report") (Doc. 21) was entered, recommending that the court **grant in part** Defendant Enterprise Financial Group, Inc.'s ("Defendant" or "Enterprise") Motion to Dismiss Plaintiff's Original Petition in Class Action ("Motion") (Doc. 6). On August 26, 2025, Defendant filed objections to the Report ("Defendant's Objections") (Doc. 22) and Plaintiff Richard Lowman ("Plaintiff" or "Mr. Lowman") filed objections to the Report ("Objections") (Doc. 23). On September 9, 2025, Defendant filed its response to Plaintiff's Objections ("Defendant's Response") (Doc. 24). For the reasons stated herein, the court **accepts** the Report and **overrules** the parties' objections.

Plaintiff, individually and on behalf of others similarly situated, filed his Original Petition in the 193rd Judicial District Court of Dallas County, Texas on September 13, 2024 against Defendant for alleged negligence, negligence *per se*, breach of confidence, breach of fiduciary duty, unjust enrichment, and breach of implied contract. Doc. 1-4 at 2-3. In Defendant's Motion, it seeks dismissal of all of Plaintiff's claims because: (1) Plaintiff lacks Article III standing; (2)

Order – Page 1

Plaintiff's claims are barred by the terms of a Settlement Agreement and Release ("Agreement") between Plaintiff and Defendant; and (3) Plaintiff has insufficiently pleaded each and every cause of action. *See generally* Doc. 6.

## I. Article III Standing

To demonstrate Article III standing, a plaintiff must show (1) injury-in-fact, (2) causation, and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Defendant specifically argues that "Plaintiff has not alleged a legally cognizable injury-in-fact that is fairly traceable to the Incident or any alleged conduct by" Defendant. Doc. 6 at 11.

Magistrate Judge Toliver determined that Plaintiff sufficiently alleges injuries-in-fact to confer Article III standing. Report at 9. Specifically, two of the six harms alleged by Plaintiff, loss of privacy and emotional distress, were sufficiently concrete and imminent to confer standing. *Id.* at 5. The United States Supreme Court has recognized intrusion upon seclusion and disclosure of private information as intangible harms sufficient to confer Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). Plaintiff supports his loss of privacy claim with notice Defendant sent him of the data breach. Doc. 21 at 8. Magistrate Judge Toliver stated that Plaintiff's emotional distress claim was more conclusory but found that his allegations suffice at the pleading stage. *Id.* She found that Plaintiff's alleged harms of risk of fraud and identity theft, loss of time, diminution of Personally Identifiable Information ("PII") value, and benefit of the bargain do not support Article III standing. *Id.*

In Defendant's Objections, it continues to contest Plaintiff's Article III standing but does not challenge those portions of the Report. Doc. 22 at 2. In Plaintiff's Objections, he argues that his claims for future risk of identity theft and fraud and lost time are also sufficient to establish an injury-in-fact. Doc. 23 at 5.

The court **accepts** the Magistrate Judge's recommendation on Article III standing and determines that Plaintiff does have Article III standing through alleged loss of privacy and severe emotional distress. Therefore, the court need not address Plaintiff's objections regarding alleged harms of future risk of identity theft and fraud and lost time.

## II.     Effect of the Agreement

Next, Magistrate Judge Toliver found that the Agreement has no effect on the court's subject matter jurisdiction over Plaintiff's claims. Doc. 21 at 9. She found Defendant's claim that the Agreement released it from liability for all claims that could arise is unconscionable and unsupported, because Plaintiff's claims are not clearly within the subject matter of the Agreement and the events giving rise to Plaintiff's claims had not occurred at the time of the Agreement. *Id.* at 9-10 (citing *Victoria Bank & Tr. Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991); *Keck, Mahin & Cate v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000)). Further, Magistrate Judge Toliver states that whether Plaintiff's claims are precluded under the Agreement is not relevant to the court's jurisdiction, but rather a mixed question of fact and law that is not ripe for determination at the motion-to-dismiss stage. *Id.*

Defendant argues that Magistrate Judge Toliver overlooked the language of the Agreement and Plaintiff's Petition is clearly barred by its terms. Doc. 22 at 3. Defendant contends that the broad agreement, not limited in time, is valid and enforceable against Plaintiff's claims. *Id.* at 4.

"[T]o effectively release a claim in Texas, the releasing instrument must 'mention' the claim to be released. Even if the claims exist when the release is executed, any claims not clearly within the subject matter of the release are not discharged." *Brady*, 811 S.W.2d at 938. A release not excluding future claims does not by default include future claims. *Villarreal v. Saenz*, 2021 WL 1986831 (W.D. Tex. May 18, 2021), *report and recommendation adopted*, 2021 WL 4057570

(W.D. Tex. Aug. 4, 2021). Defendant cites to *Villarreal*, among other cases, to argue that a release not limited in time or claims should be enforced against unrelated claims that occurred after the release. Doc. 22 at 4. The court in *Villarreal*, however, did not enforce the release against claims based on conduct that occurred after the release. *Villarreal*, 2021 WL 1986831 at *5. The Agreement does contain broad language and provides that Plaintiff release any and all claims against Defendant, including, but not limited to, claims that were or could have been asserted in the lawsuit. Doc. 6-2 at 3. The language of the Agreement, however, does not suggest that claims regarding unrelated future actions by either party were to be barred by this Agreement. *Id.* The court **accepts** the Magistrate Judge's recommendation on the Agreement and determines that it does not bar Plaintiff's claims.

### III. Failure to State a Claim for Relief

Magistrate Judge Toliver found that Plaintiff has failed to adequately allege his claims of negligence, negligence *per se*, breach of fiduciary duty, and unjust enrichment.[*] Doc. 21 at 11.

First, regarding negligence, she found that Plaintiff put forth mere legal conclusions that Defendant owed him a duty to protect his PII and Defendant's breach proximately caused Plaintiff's damages. *Id.* at 11-12. Plaintiff objects to this finding, because Defendant owed Plaintiff a duty by creating a foreseeably dangerous situation. Doc. 23 at 2. Plaintiff states that a duty to protect PII is plausibly alleged when "improperly safeguarding data poses a foreseeable risk that could be avoided by the exercises of ordinary care." *Id.* at 2 (citing *Cabezas v. Mr. Cooper Grp. Inc.*, No. 3:23-CV-2453-N, 2025 WL 2053287 (N.D. Tex. July 22, 2025) (Godbey, J.)).

Plaintiff argues that the storage of the PII was dangerous because the information was not properly secured and Defendant knew or should have known cybercriminals would be attempting

---

[*] Magistrate Judge Toliver does not address Plaintiff's claims for breach of confidence and breach of implied contract because Plaintiff withdrew them. Doc. 21 at 11.

**Order – Page 4**

to hack Defendant's systems to obtain PII. Doc. 23 at 2-3. Plaintiff's allegations, however, differ from those in *Cabezas*. The plaintiffs in *Cabezas* alleged specifically that the defendant's regulatory filings stated that it was regularly subject to hacking attempts to access confidential information. *Cabezas*, 2025 WL 2053287 at *11. In this action, Plaintiff alleges generally that warnings were readily available on the Internet, in the Federal Bureau of Investigation, and in a business technology news website that published articles regarding ransomware attacks on businesses. Doc. 1-4 at 7. Also, the United States Cybersecurity and Infrastructure Security Agency published a "Ransomware Guide" online. *Id.* These allegations are not sufficient to support a plausible allegation of a duty owed by Defendant to Plaintiff. The court **accepts** the Magistrate Judge's recommendation on Plaintiff's negligence claim and finds Plaintiff has failed to state a claim upon which relief could be granted.

Second, concerning negligence *per se*, Magistrate Judge Toliver found that Plaintiff failed to state a claim for relief, because neither the Federal Trade Commission Act nor the Texas Identity Enforcement and Protection Act confers a private right of action on Plaintiff. Doc. 21 at 12-13 (citing *Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021) (citing, *inter alia*, *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)); TEX. BUS. & COM. CODE ANN. § 521.151(a)). Without a private right of action, neither statute can be used to support a negligence *per se* claim. *Id.* Plaintiff argues that although these statutes do not create a private right of action, they support Plaintiff's claim that Defendant owed a duty to Plaintiff to adopt reasonable measures to protect Plaintiff's PII. Doc. 23 at 5. Plaintiff also argues that the law governing negligence *per se* varies by state and it is too early in the litigation to determine which state's law applies. *Id.* Defendant, however, correctly states that Plaintiff did not assert that Texas state law might not apply to his negligence *per se* claim in his response to Defendant's Motion. Doc. 24 at 5. "Under Texas law,

Order – Page 5

when a legislative body declines to provide for an individual private right of action in a statute and instead provides a comprehensive regulatory scheme with limited private remedies, that statute will not be an appropriate basis for a negligence per se claim." *Armstrong v. Southwest Airlines Co.*, No. 3:20-CV-3610-BT, 2021 WL 4391247, at *3 (N.D. Tex. Sept. 24, 2021) (citing *Smith v. Merritt*, 940 S.W.2d 602, 607-08 (Tex. 1997); *Reeder v. Daniel*, 61 S.W.3d 359, 362–63 (Tex. 2001)). The court **accepts** the Magistrate Judge's recommendation on Plaintiff's negligence *per se* claim and determines that Plaintiff's negligence *per se* claim is not a viable claim.

Third, as to breach of fiduciary duty, Magistrate Judge Toliver found that no fiduciary duty exists between Plaintiff and Defendant, because, "[i]n Texas, employers generally do not owe fiduciary duties to their employees." Doc. 21 at 13 (quoting *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (citation omitted)). Plaintiff's Objections do not dispute this finding. *See* Doc. 23. The court **accepts** the Magistrate Judge's recommendation on Plaintiff's breach of fiduciary duty claim and determines that Plaintiff failed to state a claim upon which relief could be granted.

Finally, on unjust enrichment, Magistrate Judge Toliver found that Plaintiff failed to plausibly allege that Plaintiff conferred a benefit on Defendant, because Plaintiff failed to plausibly allege that he gave his data along with something else of value to Defendant. Doc. 21 at 15. Plaintiff's Objections do not dispute this finding. *See* Doc. 23. The court **accepts** the Magistrate Judge's recommendation on Plaintiff's unjust claim and determines that Plaintiff failed to state a claim upon which relief could be granted.

### IV.    Leave to Amend

Finally, Magistrate Judge Toliver found that Plaintiff's claims should be dismissed without prejudice and Plaintiff should be given the opportunity to amend because there is no indication at

this stage that the defects identified in Plaintiff's pleading are incurable. Doc. 21 at 16 (citing *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000)). Plaintiff requested leave to amend generally in his response to the Motion and specifically in Plaintiff's Objections. Doc. 11 at 25; Doc. 23 at 7. In Plaintiff's Objections, he states that he "can allege additional facts evidencing (1) Defendant owed Plaintiff a duty under common law, the Texas Identity Theft Enforcement and Protection Act and the Federal Trade Commission Act ("FTC Act"); (2) Defendant's breach of that duty proximately caused Plaintiff's damages; (3) Plaintiff suffered cognizable harm." Doc. 23 at 7. Defendant argues that amendment of any of Plaintiff's claims would be futile and Plaintiff should not be allowed to amend. Doc. 24 at 6-8.

The court agrees that negligence *per se* is not a viable claim, the court concludes that amendment to this claim would be futile. Therefore, Plaintiff's negligence *per se* claim is **dismissed with prejudice**. The court agrees that Plaintiff should be given the opportunity to amend his claims for negligence, breach of fiduciary duty, and unjust enrichment. Therefore, these three claims are **dismissed without prejudice**.

### V.    Conclusion

Having considered the Report, Objections, Defendant's Response, Complaint, Motion to Dismiss, record, and applicable law, and having conducted a de novo review of all objections, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants in part** and **denies in part** Enterprise Financial Group, Inc.'s ("Defendant" or "Enterprise") Motion to Dismiss Plaintiff's Original Petition in Class Action ("Motion") (Doc. 6); **dismisses with prejudice** Plaintiff's negligence *per se* claim against Defendant; and **dismisses without prejudice** Plaintiff's negligence, breach of fiduciary duty, and unjust enrichment claims against Defendant. Plaintiff is allowed to amend

consistent with this order. In other words, Plaintiff must replead these claims in accordance with the standard set forth in the Report (Doc. 21 at 10, 11). If Plaintiff fails to cure the deficiencies noted herein by filing an amended pleading by **October 14, 2025**, upon Defendant's re-urging, Plaintiff's claims will be dismissed with prejudice.

    **It is so ordered** this 30th day of September, 2025.

                                                              Sam A. Lindsay
                                                               United States District Judge