IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICHARD LOWMAN, individually and on behalf of all others similarly situated,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:24-CV-2752-L** |
| | § | |
| **ENTERPRISE FINANCIAL GROUP, INC.,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Enterprise Financial Group's ("Defendant" or "Enterprise") Motion to Dismiss Plaintiff's Amended Complaint in Class Action ("Motion") (Doc. 27) filed on October 28, 2025. On November 18, 2025, Plaintiff Richard Lowman, ("Plaintiff" or "Mr. Lowman") responded to the Motion, and on December 2, 2025, Defendant replied. On February 9, 2026, Plaintiff filed a Notice of Supplemental Authority. After careful consideration of the Motion, response, reply, record, and applicable law, the court **grants** Defendant's Motion with respect to Plaintiff's breach of fiduciary duties, unjust enrichment, and declaratory judgment claims and **denies** Defendant's Motion with respect to Plaintiff's negligence claim.

## I. Procedural and Factual Background

Plaintiff, individually and on behalf of others similarly situated, filed his Original Petition in the 193rd Judicial District Court of Dallas County, Texas on September 13, 2024 against Defendant for alleged negligence, negligence per se, breach of confidence, breach of fiduciary duty, unjust enrichment, and breach of implied contract. Doc. 1-4 at 2-3. Defendant moved to

dismiss Plaintiff's Original Complaint arguing that: (1) Plaintiff lacked Article III standing; (2) Plaintiff's claims were barred by the terms of a Settlement Agreement and Release ("Agreement") between Plaintiff and Defendant; and (3) Plaintiff had insufficiently pleaded each and every cause of action. *See generally* Doc. 6. On September 30, 2025, the court issued an order (Doc. 25) accepting the magistrate judge's Findings, Conclusions, and Recommendation ("Report") (Doc. 21) and granting in part and denying in part Defendant's first Motion to Dismiss. The court found that the Agreement did not bar Plaintiff's claims, and that Plaintiff had standing to bring the claims based on emotional distress and loss of privacy. Doc. 25. Plaintiff's negligence per se claim was dismissed with prejudice, but Plaintiff's negligence, breach of fiduciary duty, and unjust enrichment claims were dismissed without prejudice to allow Plaintiff the opportunity to amend his complaint. *Id.* On October 14, 2025, Plaintiff filed an Amended Class Action Complaint (Doc. 26).

Plaintiff brought this action individually and on behalf of others similarly situated arising out of a data breach carried out by an unauthorized third party against Defendant on or about February 18, 2024. Doc. 26 ¶¶ 1-2 & 34. Defendant notified Plaintiff that his personally identifiable information ("PII") and private health information ("PHI") had been accessed and copied. *Id.* ¶ 35. As a result of the data breach, cybercriminals gained access to Plaintiff's and others PII and PHI such as names, dates of birth, other medical information, and health insurance information. *Id.* ¶ 2. Plaintiff states that due to Defendant's negligence in safeguarding the information, he has experienced multiple instances of unknown individuals taking out loans in his name and using his private information as well as a drop in credit score. *Id.* ¶¶ 9 & 119-20. Plaintiff alleges that in September 2024, Equifax informed him that his social security number has been found on a fraudulent website. *Id.* ¶ 121. Plaintiff did not experience these types of issues prior to

the data breach. *Id.* ¶ 123. Plaintiff spent approximately 23 hours responding to the data breach by "researching the Data Breach, researching and enrolling in credit monitoring and identity theft protection services, reviewing his credit reports, reviewing his account statements, and mitigating fraud and identity theft." *Id.* ¶ 124.

Plaintiff alleges negligence, breach of fiduciary duty, unjust enrichment, and declaratory judgment claims. *Id.* Defendant moves to dismiss each of Plaintiff's claims for lack of Article III standing and for failure to state a claim. Doc. 27.

## II. Article III Standing

In its Motion, Defendant contends that Plaintiff's Amended Complaint should be dismissed for lack of Article III standing because Plaintiff has not properly alleged an injury-in-fact or traceability that would entitle him to compensatory damages or injunctive relief. Doc. 27 at 5-6, 9-10 & n.1.

Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. United States*, 312 F.3d 191, 194 (5th Cir. 2002); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-96 (1998). "Article III of the Constitution limits federal courts' jurisdiction to certain Cases and Controversies." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal citations omitted). A suit brought by a plaintiff without Article III standing is not a case or controversy and deprives an Article III federal court of subject matter jurisdiction over the suit. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 337 (2016) (internal citations omitted); *see also* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject

matter jurisdiction is lacking. *Id.* A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case, *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), and it may raise the issue *sua sponte*. *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005).

Article III standing involves three primary considerations and requires the plaintiff to show that: (1) he or she has suffered an injury that is both concrete and particularized and actual or imminent ("injury in fact"); (2) that the injury is fairly traceable to the challenged conduct (causation); and (3) the injury is capable of being redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000); *see also Lewis v. Casey*, 518 U.S. 343, 357 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and explaining that standing must be satisfied as to each particular injury). Each of the three elements is "an indispensable part of the plaintiff's case," and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan*, 504 U.S. at 561.

An injury is "concrete" if it is "real, and not abstract." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citations omitted). Certain harms readily qualify as concrete injuries under Article III, including traditional tangible harms such as physical or monetary injury. *Spokeo, Inc*, 578 U.S. at 340. A harm, however, need not be tangible to be concrete; certain intangible harms can meet this requirement, including violations of constitutional rights. *TransUnion*, 141 S. Ct. at 2204; *Spokeo, Inc.*, 578 U.S. at 340. A harm is particularized if the plaintiff has personally suffered the harm. *Lujan*, 504 U.S. at 560 n.1. Thus, a plaintiff must demonstrate that the injuries alleged

are "more than a generalized grievance." *See Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 474 (1982). Finally, a harm is actual or imminent if the harm has happened or is sufficiently threatening, not merely if it may occur at some future time. *Lujan*, 504 U.S. at 564.

Plaintiff asserts that he has standing based on his allegations of loss of privacy, severe emotional distress, identity theft and fraud as a result of the Data Breach, and the heightened ongoing risk of identity theft and fraud that support his requests for monetary and injunctive relief. Doc. 28 at 6-7.

Plaintiff alleges "[a]fter the Data Breach, an unknown person applied for a loan under Plaintiff's line of credit. Plaintiff received an email from Leafy Financial LLC after the Data Breach, informing him that he owes $2,534.48 on a loan. Plaintiff did not take out this loan." Doc. 26 ¶ 119. He alleges that he has received other emails from additional loan companies informing him that his information was used to take out loans, all of which has negatively affected his credit score. *Id.* ¶ 120. Plaintiff notes that prior to the data breach, he did not experience unknown individuals taking out loans in his name, nor had he received notifications from credit monitoring services that his information was found on the dark web. *Id.* ¶ 123.

Plaintiff has set forth sufficient facts to support that he has experienced a concrete, particularized, and actual harm based on the misuse of his PII. This is so because Defendant notified him of a data breach in its system when an unauthorized party accessed and copied Plaintiff's PII, and subsequently, an unknown individual used his information to take out a loan. *Id.* ¶¶ 35, 119-20, & 123. *See TransUnion LLC*, 594 U.S. at 425 (intangible harms such as disclosure of private information can be concrete) (citing *Davis v. Federal Election Comm'n*, 554 U.S. 724, 733 (2008); *see also Bednyak v. Financial Risk Mitigation, Inc.*, 739 F. Supp. 3d 353

(E.D. La. 2024) (*citing In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig*., 440 F. Supp. 3d 447, 459 (D. Md. 2020)) (PII has a value and diminution of it can support Article III standing where the plaintiff alleges actual misuse of his PII).

Defendant argues that the harm is not traceable to its conduct. Doc. 27 & 29. "To show traceability, a plaintiff must allege that his injury is 'connect[ed] with the conduct about which he complains.'" *Glen v. American Airlines, Inc*., 7 F.4th 331, 335 (5th Cir. 2021). Plaintiff has alleged that Defendant's network was subject to a data breach when his PII was accessed and copied, and that after the breach he was informed of unknown individuals taking loans out in his name and his social security number being on the dark web. Doc. 26 ¶¶ 34-35, 119-22. Further, Plaintiff states that these actions had not occurred to him prior to the data breach. *Id.* ¶ 123. Thus, this court is satisfied that Plaintiff's injury is fairly traceable to Defendant's alleged conduct at this stage.

Moreover, as discussed in Magistrate Judge Toliver's Report, which the court accepted, Plaintiff's alleged loss of privacy and severe emotional distress, while pled in a somewhat conclusory fashion, are enough to confer Article III standing. Doc. 25 (citing *TransUnion LLC*, 594 U.S. at 425).

Plaintiff's allegations regarding impending risk of fraud and identity theft; however, are insufficient to support standing for injunctive relief. *See Davis*, 554 U.S. at 734 (a plaintiff must demonstrate standing for each form of relief that is sought) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). Plaintiff alleges that Defendant has not shared the measures undertaken to ensure that a breach does not occur again, and that he and others remain at risk so long as Defendant fails to take appropriate measures to protect their PII. Doc. 26 ¶¶ 39 & 133. The problem with this allegation is that the notice Defendant sent to Plaintiff regarding the breach, which is attached to the Amended Complaint, explains what Defendant was doing in response to the breach.

Doc. 26-1. Thus, Plaintiff has not set forth facts that plausibly allege that without injunctive relief, the "real and immediate threat of further disclosure" of his information is likely to come to pass. *See TransUnion LLC*, 594 U.S. at 435 ("[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial."). Therefore, Defendant's Motion to Dismiss for lack of standing is **denied** with respect to Plaintiff's request for compensatory damages and **granted** with respect to Plaintiff's request for injunctive relief.

**III. Legal Standard for Rule 12(b)(6) Failure to State a Claim**

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

678 (citation omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Id*. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id*.; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims."' *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint and not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc*., 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."' *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a

complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way:

> A motion to dismiss for failure to state a claim concerns the formal sufficiency of the statement of the claim for relief, not a lawsuit's merits. So when reviewing such a motion, we assume that the facts the complaint alleges are true and view those facts in the light most favorable to the plaintiff. The complaint survives if it contains sufficient factual matter . . . to state a claim to relief that is plausible on its face.

*Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (citations and quotation marks omitted). Accordingly, the denial of a 12(b)(6) motion has no bearing as to whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.

## IV. Analysis

### A. Negligence

Plaintiff alleges that Defendant was negligent in safeguarding his and others' PII from the data breach. Doc. 26 ¶¶ 84, 203, 205, & 207. The elements of a negligence claim under Texas law are "(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998*); Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex.1998)).

1. Plaintiff Has Alleged Sufficient Facts to show that Defendant Owes Him a Duty and Breached such Duty.

Defendant argues that Plaintiff has not alleged that it owed him and others a duty. Doc. 27 at 11. "[A] duty arises when a person's conduct poses a foreseeable risk to another that could be avoided by the exercise of ordinary care." *C & H Nationwide, Inc. v. Thompson*, 810 S.W.2d 259 (Tex. App. 1991), *writ granted* (May 27, 1992), *aff'd in part, rev'd in part on other grounds*, 903 S.W.2d 315 (Tex. 1994). In determining whether a defendant has a duty, courts "consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant." *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

Plaintiff alleges that Defendant owed him and others a number of duties, that can be summarized as the duty to exercise reasonable care to secure and safeguard their PII, quickly detect breaches, and promptly give notice of breaches. Doc. 26 ¶¶ 207 & 212. Plaintiff contends that Defendant was aware of the possibility of cyberattacks and should have designed, maintained, and tested its security systems to ensure that they were capable of protecting the PII. *Id.* ¶¶ 41 & 49a-j. The parties have not pointed the court to any binding case law that discusses whether Defendant had a duty to safeguard PII that it collected from Plaintiff from data breaches. Several district courts, however, have found a duty of reasonable care to safeguard personal sensitive data if a party chooses to collect and retain it. *See Hawkins v. Scout Energy Mgmt., LLC*, No. 3:24-CV-01545-N, 2025 WL 2244327, at *9 (N.D. Tex. Aug. 5, 2025); *Cabezas v. Mr. Cooper Grp. Inc.*, No. 3:23-CV-2453-N, 2025 WL 2053287, at *10-11 (N.D. Tex. July 22, 2025); *In re ESO Sols., Inc. Breach Litig.*, No. 1:23-CV-1557-RP, 2024 WL 4456703, at *9-10 (W.D. Tex. July 30, 2024); see *also In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 397 (E.D. Va.

2020) (analyzing Texas law and determining that when defendants implemented harmful storage of PII "without adequate safeguards to protect against hacking . . . the Texas Supreme Court would recognize a duty separate and apart from the parties' contractual relationship").

Defendant correctly argues that as a matter of Texas law a person generally does not have a duty to protect another from the criminal acts of a third person. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996). If, however, "a criminal's conduct is the foreseeable result of the prior negligence of a party, the criminal act may not excuse that party's liability." *Barton v. Whataburger, Inc.*, 276 S.W.3d 456 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 550 (Tex. 1985); *Cowart v. Kmart Corp.*, 20 S.W.3d 779, 783 (Tex. App. 2000)). "A danger is foreseeable if its general character might reasonably be anticipated, if not its precise manner." *Barton*, 276 S.W.3d at 463 (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex.1992)). It is not enough for a plaintiff to allege conduct that creates an opportunity for crime, rather, he or she must allege "that the defendant committed negligent acts and that it knew or should have known that, because of its acts, the crime (or one like it) might occur." *Id.* (citation omitted). Plaintiff alleges that Defendant failed to obtain, retain, secure, safeguard, delete, and protect the PII in its possession; failed to use reasonable and adequate security procedures and systems; failed to adequately train its employees to not store PII longer than necessary; failed to enforce security policies; and failed to implement processes to quickly detect data breaches, security incidents, or intrusions. Doc. 26 ¶¶ 229a-e. It is plausible that Defendant's owed Plaintiff a duty to reasonably safeguard his and others' PII because it knew or should have known that it could be subject to a data breach, and it breached that duty when it did not implement proper security measures.

Plaintiff also argues that Defendant breached its duties imposed by various state and federal statutes. Doc. 28 at 16-17. The court has already dismissed Plaintiff's negligence per se claims with prejudice, and nothing in Plaintiff's amended pleadings convince the court to change its prior ruling. Doc. 25.

2. Plaintiff Has Alleged Sufficient Facts to show that Defendant's Breach Was the Proximate Cause of His Injuries.

Defendant argues that even if it had a duty and breached such duty, Plaintiff has not alleged that its breach was the proximate cause of his injuries. Doc. 27 at 13. Under Texas law, proximate cause is divided into two elements (1) cause in fact and (2) foreseeability. *Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 532 (Tex. 2025), *reh'g denied* (Sept. 26, 2025). Cause in fact requires allegations that Defendant's negligence is the "but-for" cause of an injury—"without the act or omission, the harm would not have occurred." *Id.* (citing *Pediatrics Cool Care v. Thompson*, 649 S.W.3d 152, 158 (Tex. 2022)). To support cause in fact, the plaintiff must also allege that a defendant's negligence was a substantial factor in bringing about the injury. *Id.* (quoting *Rogers v. Zanetti*, 518 S.W.3d 394, 402 (Tex. 2017)). Foreseeability addresses what should have reasonably been "anticipated in the light of common experience applied to the surrounding circumstances." *Biggers v. Continental Bus Sys., Inc*., 303 S.W.2d 359, 364 (1957).

Plaintiff has alleged that after the data breach an unknown person applied for a loan in his line of credit and that he received an email from Leafy Financial LLC, informing him that he owes $2,534.48 on a loan that he did not make. Doc. 26 ¶ 119. Plaintiff has received emails from other loan companies that his information was used to take out loans, which negatively affected his credit score, and he has also been notified that his social security number has been found on the dark web. *Id.* ¶¶ 120 & 122. Plaintiff states that he did not experience unknown individuals taking out loans in his name prior to the data breach. *Id.* ¶ 123. This plausibly supports Plaintiff's argument

that had Defendant properly safeguarded his information, it would not have been misused. Moreover, as discussed above, Plaintiff has alleged that Defendant knew or should have reasonably anticipated that a data breach could occur and injure Plaintiff based on its inadequate security measures.

For all of these reasons, the court **denies** Defendant's Motion with respect to Plaintiff's negligence claim.

**B. Breach of Fiduciary Duty**

Plaintiff alleges that Defendant breached its fiduciary duty to him and others by not safeguarding their PII. To state a claim for breach of Fiduciary under Texas law, Plaintiff must allege facts that taken as true would show: (1) a fiduciary relationship between himself and Defendant, (2) a breach by Defendant of its fiduciary duty to Plaintiff, and (3) an injury to Plaintiff or benefit to Defendant as a result of Defendant's breach. *See Lundy v. Masson*, 260 S.W.3d 482 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (citing *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.—Dallas 2006, pet. denied)).

Defendant argues that this claim should be dismissed because as a matter of law there is no fiduciary duty between itself and Plaintiff because of their employer-employee relationship. Doc. 27 at 13. Plaintiff contends that Texas law recognizes a fiduciary duty "whe[n] one person trusts in and relies upon another, whether the relation is a moral, social, domestic or merely personal one." *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992) (quoting *Fitz–Gerald v. Hull,* 237 S.W.2d 256, 261 (1951)). Plaintiff asserts that he placed his trust in Defendant who had control over how to protect his PII and was the only one in the position to guard it from a data breach. Doc. 28 at 18.

Each case cited by Plaintiff to support his argument, however, does not involve an employer and employee, and Texas case law explicitly states that it does not recognize a fiduciary duty owed by an employer to an employee. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 153 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000)). Because Plaintiff has alleged that he was an employee of Defendant his breach of fiduciary duty claim fails as a matter of law. Doc. 26 ¶ 4. Thus, Defendant's Motion is **granted** with respect to Plaintiff's breach of fiduciary duty claim.

**C. Unjust Enrichment**

Plaintiff alleges that he and others conferred the benefit of their employment upon Defendant, and that Defendant enriched itself by saving the costs they reasonably should have expended on data security measures to safeguard their PII. Doc. 26 ¶¶ 251 & 254. Moreover, Plaintiff alleges that Defendant retained the full value of his and others' employment without properly protecting their PII. *Id.* ¶ 256. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

Defendant argues that providing data without more does not constitute unjust enrichment under Texas law. Doc. 27 at 14. The court agrees. Plaintiff's allegations do not explain how he, or others, provided value to Defendant for the purpose of safeguarding their PII from a data breach, nor is there a plausible interpretation of the facts that support how Plaintiff and others' employment was obtained by fraud, duress, or the taking of an undue advantage. *Logan v. Marker Group, Inc.*, No. 4:22-CV-00174, 2024 WL 3489208, at *10 (S.D. Tex. July 18, 2024) (explaining that in cases in which a data-breach-unjust-enrichment claim survives 12(b)(6), the plaintiffs alleged that their data was given to defendant along with something else of value). Plaintiff's argument that

Defendant's benefit was not having to pay for security measures is similarly unavailing. *See Hawkins,* 2025 WL 2244327, at *9 (dismissing an unjust enrichment claim when Plaintiff alleged that the Defendant was benefited by not having to pay for security measures). For these reasons, Defendant's Motion is **granted** with respect to Plaintiff's unjust enrichment claim.

### D. Declaratory Judgment

As explained above, Plaintiff lacks standing for the requested injunctive relief, thus Defendant's Motion is **granted** with respect to Plaintiff's declaratory judgment claim. *See Davis*, 554 U.S. at 734.

## V. Conclusion

For the reasons previously stated, the court **grants** Defendant's Motion with respect to Plaintiff's breach of fiduciary duty, unjust enrichment, and declaratory judgment claims. Accordingly, these claims are **dismissed with prejudice**. The court **denies** Defendant's Motion with respect to Plaintiff's negligence claim, and it remains for resolution or disposition.

**It is so ordered** this 30th day of September, 2026.

Sam A. Lindsay
United States District Judge